CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 30, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARVIN ADAMS, | ) | |
| Petitioner, | ) | Civil Case No. 7:25-cv-00153 |
| v. | ) | |
| | ) | |
| WARDEN JOHN GILLEY, | ) | By: Elizabeth K. Dillon |
| Respondent. | ) | Chief United States District Judge |

**MEMORANDUM OPINION**

Marvin Adams, a federal inmate proceeding *pro* se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that he be placed in pre-release custody upon application of Federal Time Credits (FTCs)[1] under the First Step Act (FSA) and the Second Chance Act (SCA). (*See* Habeas Pet., Am. Petition, Dkt. Nos. 1, 5, 21.) Before the court is the respondent's motion to dismiss, or in the alternative, for summary judgment. (Dkt. No. 28.) Also before the court are several motions for expedited relief and/or for preliminary injunctive relief filed by Adams. (*See* Dkt. Nos. 10, 13, 20, 22, 25, 27, 34, 40, 42, 45, 46, 47, 49, 50.) In addition, Adams filed a motion to grant his habeas petition as unopposed or for default judgment (Dkt. No. 17), a motion for judicial notice (Dkt. No. 26), a cross-motion for summary judgment (Dkt. No. 36), a motion to strike and compel production of documents (Dkt. No. 43), and a motion for issuance of subpoenas (Dkt. No. 44). Adams responded to the motion to dismiss filed by the government (Dkt. No. 35), the government filed a reply brief (Dkt. No. 39), and Adams filed a sur-reply (Dkt. No. 41).

For the reasons stated below, Adams' motion for judicial notice will be granted, but his remaining motions will be denied. The government's motion for summary judgment will be granted, and this matter will be dismissed in its entirety.

---

[1] Federal Time Credits are also referred to as Earned Time Credits (ETCs).

## I.  BACKGROUND

In support of his motion for summary judgment, the respondent has provided a declaration and accompanying exhibits by Isaac Calfee, the Case Manager for the Bureau of Prisons at the United States Penitentiary Lee County.  (Dkt. Nos. 29-1, 29-2, 29-3.)

Adams is a BOP inmate designated to serve his sentence at USP Lee.  (Calfee Decl. ¶ 4.) Adams' current projected release date without the application of FTCs or a SCA review is October 30, 2029.  (*Id.* ¶ 5.)  Adams' most recent calculation on November 1, 2025, shows that Adams has earned FTC since December 21, 2018, resulting in 365 FTCs toward supervised release and 835 FTCs toward pre-release custody.  (*Id.*, Ex. 1.)  Pursuant to this calculation, Adams' FSA conditional release date is October 30, 2028.  (*Id.*)

The FTC calculation also projects the maximum number of FTCs an eligible inmate can earn towards pre-release custody.  (Calfee Decl. ¶ 6.)  Adams' maximum FTCs are 910.  Adams' FSA Conditional Placement Date is May 4, 2026, which is calculated by subtracting 910 days from Adams' Conditional Release Date.  (*Id.*)

In April 2025, Adams' Unit Team individually assessed him for pre-release custody placement under the SCA using the five-factor review from 18 U.S.C. § 3621(b).  Adams' Unit Team determined that an additional 10 months under the SCA was appropriate.  (Calfee Decl. ¶ 7.)  Therefore, the Unit Team subtracted the 10 months from Adams' FSA Conditional Placement Date and submitted a referral to the Residential Reentry Manager (RRM) recommending that Adams be placed in pre-release custody, specifically a Residential Reentry Center (RRC) as early as July 2, 2025.  (*Id.*)  Adams' Unit Team could not refer Adams to Home Confinement (HC) on that date because 18 U.S.C. § 3524(c) restricts the BOP in placing inmates

2

on HC to the last six months or 10% of their sentence, whichever is less.  Accordingly, Adams was not eligible for HC until November 3, 2025, at the earliest.  (*Id.* ¶ 8.)

On September 15, 2025, the RRM informed Adams' Unit Team that Adams received an HC placement date of November 4, 225.  (Calfee Decl. ¶ 9.)  However, in late October, the United States Probation Office (USPO) determined that Adams' home confinement address was no longer approved due to concerns after investigation.  Adams recommended another home confinement address, but USPO also denied the new address.  As a result, Adams' placement date was pushed back to May of 2026.  (*Id.*)

## II.  ANALYSIS

### A.  Default Judgment

Adams moves for default judgment, or to grant his habeas petition as unopposed, on the grounds that the respondent did not file a response within thirty days of the court's June 30, 2025, service order.  (Dkt. No. 14.)  This is accurate, but on September 10, 2025, the court granted respondent's motion for an extension on the grounds that the United States did not receive the order and only learned of the case and the order to respond on September 9.  (Dkt. No. 19.)  The government filed its motion to dismiss on November 19, 2025.[2]

Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. Adams' motion for default judgment will be denied because he did not first seek entry of default under Rule 55(a).  "Because Rule 55(a) is a prerequisite for entry of default judgment," a motion for default judgment without prior entry of default is "not on the proper procedural footing."

---

[2] Before its response was due following the grant of an extension on September 10, the government filed a motion to stay deadlines due to the lapse in appropriations caused by the government shutdown.  (Dkt. No. 24.)  The court did not rule on this motion, and it was eventually dismissed as moot when the shutdown ended.  (Dkt. No. 33.) The government filed its motion to dismiss after the shutdown ended.

3

*Kwaigaye v. City of Charlotte*, No. 3:25-CV-00712-KDB-SCR, 2025 WL 3217040, at *1

(W.D.N.C. Nov. 18, 2025) (denying motion for default judgment because plaintiff did not seek

entry of default before moving for default judgment and "entry of default is a prerequisite to the

entry of a default judgment").  The court also notes that Adams filed an amended petition after

he filed his default judgment motion.  Because an "amended complaint supersedes the prior

operative complaint, rendering it of no legal effect . . . the filing of an amended complaint

renders pending motions for default judgment moot . . . ."  *Santander Bank, NA v. Gaver*, No.

RDB-17-00374, 2019 WL 1077386, at *5 (D. Md. Mar. 7, 2019).

Aside from these procedural issues, there is no basis for entering default judgment or

granting the habeas petition as unopposed simply because the government's motion was

untimely.  Courts consider the following factors when deciding whether to set aside a party's

default: (1) whether the defaulting party has a meritorious defense; (2) whether the defaulting

party acts with reasonable promptness; (3) the defaulting party's culpability; (4) the prejudice to

the non-moving party; (5) whether there is a history of dilatory action; and (6) the availability

and effectiveness of less drastic sanctions.  *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d

198, 204–05 (4th Cir. 2006).  The government has a meritorious defense to the claims in Adams'

petition, as discussed in the balance of this petition.  The government also acted with reasonable

promptness in seeking an extension once it learned of the filing of the petition.

For these reasons, the court will deny Adams' motion for default judgment.

**B.  Motion for Judicial Notice**

Petitioner filed a motion to notify the court of "recent developments" directly affecting

the matters in his § 2241 petition.  (Dkt. No. 26.)  This motion will be granted to the extent that

4

the court considered this submission in making its ruling on whether to grant the relief requested

by Adams in his petition.

### C. Summary Judgment[3]

Summary judgment is appropriate where "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some*

alleged factual dispute between the parties will not defeat an otherwise properly supported

motion for summary judgment; the requirement is that there be no *genuine* issue of *material*

fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).

In reviewing the supported underlying facts, all inferences must be viewed in the light

most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith

Radio Corp.*, 475 U.S. 574, 587 (1986). Additionally, the party opposing summary judgment

"must do more than simply show that there is some metaphysical doubt as to the material facts."

*Id.* at 586. That is, once the movant has met its burden to show absence of material fact, the

party opposing summary judgment must then come forward with affidavits or other evidence

demonstrating there is indeed a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317,

323–25 (1986).

"When cross-motions for summary judgment are before a court, the court examines each

motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil

Procedure." *Desmond v. PNGI Charles Town Gaming, LLC*, 630 F.3d 351, 354 (4th Cir. 2011).

The court must deny both motions if it finds there is a genuine dispute of material fact, but "if

there is no genuine dispute and one or the other party is entitled to prevail as a matter of law, the

---

[3] Because the court has considered evidence outside of the pleadings, the court will address this matter as a motion for summary judgment.

court will render judgment." *John C. Grimberg Co., Inc. v. Nudura Corp.*, 775 F. Supp. 3d 946, 954 (D. Md. 2025). While the submissions of *pro se* litigants are liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court must also abide the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003).

### 1. Respondent's Motion

Respondent's motion for summary judgment will be granted for the following reasons.

First, Adams "does not have a constitutional right to placement in home confinement." *Booker v. Bayless*, Civil Action No. 5:24-CV-43, 2024 WL 4169176, at *6 (N.D.W. Va. June 27, 2024) (recommending denial of § 2241 petition because the BOP "properly exercised its discretion in accordance with the SCA" in denying home confinement placement). Adams lacks a cognizable habeas claim because he does not have "a liberty interest in designation to a halfway house for any portion of his sentence." *Crum v. Young*, No. 5:20-cv-00658, 2021 WL 2843835, at *5 (S.D.W. Va. Jan. 27, 2021).

Second, the BOP's placement decision is not reviewable in this court. "While the First Step Act provides criteria for the BOP to consider when designating an inmate to a place of imprisonment, it also states unequivocally that the BOP's designation is not subject to judicial review." *Crum*, 2021 WL 2843835, at *6; *see also United States v. Smith*, Case No. 6:15-cr-00006-001, 2019 WL 4016211, at *2 (W.D. Va. Aug. 26, 2019) ("While the Second Chance Act and the First Step Act expand the BOP's authority to place prisoners, they do not vest placement authority in this Court.").

Third, the BOP conducted the required five-factor review under the SCA to determine the proper placement for Adams: (1) the resources of the facility contemplated; (2) the nature and

circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3621(b). The court "lacks the authority to direct the BOP to consider specific characteristics for each prisoner who is reviewed for RRC placement; the Court is limited to asking whether the BOP used the five factors and cannot engage in a review of the substantive merits or thoroughness of the BOP's analysis." *Garrison v. Stansberry*, 2009 WL 1160115, at *5 (E.D. Va. Apr. 29, 2009).

Adams argues that the BOP miscalculated his FTCs and he is eligible for immediate release. (Dkt. No. 35 at 1.) However, he provides no reasoning or justification to conclude that the BOP's calculations set forth in the Calfee Declaration are incorrect. *See Woodrow v. Ray*, 2024 WL 4171370, at *3 (N.D.W. Va. July 25, 2024) (dismissing a § 2241 petition where the petitioner did not provide a basis "to show that the BOP has erred in calculating [his] release date or that he is entitled to an earlier release").

Adams also argues that he does not need an approved home plan for RRC placement. (Dkt. No. 35 at 2.) The government does not dispute this assertion but explains that it is not relevant because Adams has not been accepted by an RRC facility for placement. As discussed herein, Adams' placement at an institution, an RRC facility, or on home confinement is with the BOP's discretion.

For these reasons, the court will grant the respondent's motion for summary judgment.

### 2. Petitioner's Cross-Motion

Petitioner is not entitled to summary judgment for the same reasons that the respondent is entitled to judgment as a matter of law. Accordingly, the court will deny petitioner's motion for summary judgment.

## D.  Petitioner's Motions to Strike, Compel Production, Issue Subpoenas

Petitioner has moved to strike the declaration of Isaac Calfee as "containing mathematical falsehoods constituting fraud upon the Court."  (Dkt. No. 43.)  Rule 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A "pleading" is defined by Rule 7 as a complaint, an answer to a complaint, an answer to a cross-claim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer.  Fed. R. Civ. P. 7(a).  As a declaration filed in support of summary judgment is not a pleading, petitioner's motion will be denied.  *See Weber v. Specialized Loan Servicing, LLC*, 341 F.R.D. 214, 216 (E.D.N.C. 2022) (explaining that Rule 12(f) "provides no basis for striking an affidavit filed in relation to a summary judgment motion").

Petitioner's motions to compel production of documents and to issue subpoenas will be denied due to the lack of merit underlying this § 2241 petition.

## E.  Petitioner's Motions for Injunctive Relief and/or Expedited Relief

Petitioner, as noted, has filed several motions for immediate release or RRC placement and various forms of injunctive relief.  (*See, e.g.*, Dkt. No. 45.)  A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008).  A plaintiff seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* at 20.  Petitioner is not likely to succeed on the merits of this action for the reasons stated in this opinion.  Accordingly, the court will deny Adams' motions for injunctive relief.

8

### III.  CONCLUSION

For the foregoing reasons, the court will grant Adams' motion for judicial notice, deny the balance of Adams' motions, and grant the government's motion for summary judgment in an appropriate order.

Entered: March 30, 2026.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
Chief United States District Judge

9